W. C. BRIGHAM, ALIAS J. E. POTTS v. THE STATE.

No. 12473. Delivered April 10, 1929.

The opinion states the case.

*T. J. Sanders,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, three years in the penitentiary.

The indictment in this case charges swindling in the acquisition of personal property by the giving of a check upon a bank in which the accused did not have sufficient funds with which to pay said check and had no good reason to believe that the check would be paid when in the ordinary course of business same would be presented to said bank for payment.

The facts from the State's standpoint show that appellant bought casings, tubes and a battery of the aggregate value of $54.00, and gave a check for that amount to Mr. Rogers who sold said articles. The transaction occurred around six o'clock in the afternoon. Appellant was a comparatively new man in the community and had made two deposits in the bank upon which he gave said $54.00 check. One of said deposits was for $50.00 and the other for $25.00. It is in testimony that about two-thirty o'clock on the same afternoon of the purchase of the articles mentioned, appellant in person drew from the bank, upon a check payable to cash, the entire $85.00 theretofore deposited by him. He made no inquiry at that time as to whether he had any other money in the bank.

Appellant took the witness stand and testified that he had sold a car partly on credit and that the man to whom he sold it had instructions to send $75.00 due on said car to the bank upon which the check was drawn. Appellant claimed that he expected this check

to reach the bank in time to take care of the check given by him for the casings, tubes, etc. Appellant pulled out of his pocket, in the presence of Mr. Rogers, deposit slips showing his deposit in the bank in the amount of $75.00 at the time he made the purchases. The money on deposit by appellant was not in his own name, but was in the name of J. E. Potts, a fact which he explained by saying that he owed some debts and was afraid if he deposited the money in his own name some one would attach it. Appellant also admitted he was under indictment in other counties, and that while confined in jail on this charge he got out of jail through a hole made by another man and made his escape from jail. He introduced a witness by the name of Watson who testified that he made an automobile trade with appellant in July upon which he owed to appellant $75.00, which was supposed to be paid about the first of September. This witness testified that he was "supposed" to send this money to the Citizens State Bank at Paducah, and the money was to be sent in the name of J. E. Potts. He explained that he had not sent the money as he intended because he did not get it from the source that he expected to. The transaction involving the purchase of the casings and tubes was September 5th, and this witness admitted that he had seen appellant previous to the 5th of September every day or so. He said the deal was made in July and he told appellant he would send him the money as quick as he got a check from the Veterans Bureau, which he expected to get the latter part of August. The trial court told the jury in his charge that if they found from the evidence that appellant had good reason to believe that he had sufficient funds in the bank referred to to take up and cover the check, they should acquit, or if they had a reasonable doubt thereof they should acquit. Also if they found from the evidence that at the time he gave the check referred to he had good reason to believe that Watson, the witness owing him the $75.00, had placed sufficient funds in said bank, or if they had a reasonable doubt thereof, they should acquit him.

Complaint is made by a bill of exceptions that appellant was not permitted to prove by Rogers the wholesale price of the articles purchased in order to show the amount of the loss to Rogers, if any. We are of opinion that the test of the value of the property obtained by the alleged swindling was not its wholesale price but its reasonable market value, and that the bill shows no error.

There is a lengthy bill complaining of the fact that appellant was arrested and taken into custody before the expiration of the fifteen

days allowed by statute for notice of non-payment of checks. Said bill seems to further present the complaint that there were no false representations other than the giving of said check, and that this was not sufficient proof of false representations. We are not able to agree with either proposition.

We are unable to appraise the objection in bill of exceptions No. 4 made to the testimony of the banker to the effect that appellant had deposited a total of $75.00, and that on September 5th he drew same out of the bank. So far as we can tell this testimony was pertinent as supporting the hypothesis that appellant had no funds in the bank at the time he gave the check referred to. Nor is there any merit in the complaint at the production before the jury of the account of J. E. Potts at the Citizens State Bank at Paducah at the time of the trial. Said account showed the two deposits mentioned above, also the withdrawal of the $75.00 from said bank on September 5th, and that no deposit or withdrawals had been made since that time. We think this presents no error. The testimony of the escape of appellant from jail was pertinent on the proposition of flight, and we see nothing wrong in the question asking him if he did not break jail and run away because he was guilty. The court did not err in refusing peremptory instructions in favor of the appellant. The motion for new trial contained no matters other than those which were developed upon the trial in its regular course. A bill of exceptions complaining of the overruling of the motion brings nothing before us.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*